FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUDITH B. BEARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. CV-01-C-1526-S |
| BROOKWOOD HOSPITAL, TENET HEALTHSYSTEMS, and DR. SCOTT APPELL, | ) ) ) ) ) |
| Defendants. | ) |

**MOTION TO STAY ACTION PENDING ARBITRATION OR,
IN THE ALTERNATIVE, TO DISMISS
BY DEFENDANT BROOKWOOD HEALTH SERVICES, INC.**

COME NOW Brookwood Health Services, Inc., d/b/a Brookwood Medical Center, incorrectly named "Brookwood Medical Center" in the Complaint, and Tenet Healthcare Corporation, incorrectly named as "Tenet Healthsystems," appear specially for this motion, reserving all rights and defenses, and move this Court to stay this action pending arbitration of the Plaintiff's claims, pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, or, in the alternative, to dismiss this action if the Plaintiff declines to arbitrate as agreed. In support of this motion, these Defendants aver:

1. Plaintiff Judith Beard is an employee of Brookwood Health Services, Inc., d/b/a Brookwood Medical Center, which is an affiliate of Tenet Healthcare Corporation. [Exhibit A, Decl. T. Stalnaker ¶ 3]

2. In her Complaint, Plaintiff alleges that she was harassed and subjected to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

7

Based on aforesaid hostile work environment, Plaintiff also alleges a claim of intentional infliction of emotional distress under Alabama law.

  3. On July 14, 1997, Plaintiff signed a written agreement to submit any and all claims and disputes related to her employment to final and binding arbitration. [Exh. A, Decl. T. Stalnaker - exh. 1] This agreement provides:

> ***I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet.*** I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliated companies or entities, and each of its/or their employees, officers, directors or agents, and that by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process. I also agree that such arbitration will be conducted before an experienced arbitrator chosen by me and the Company, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association ("AAA").
>
> I further acknowledge that in exchange for my agreement to arbitrate, the Company also agrees to submit all claims and disputes it may have with me to final and binding arbitration, and that the Company further agrees that if I submit a request for binding arbitration, my maximum out-of-pocket expenses for the arbitrator and the administrative costs of the AAA will be an amount equal to . . . eight times my hourly rate of pay (if I am a non-exempt employee), and that the Company will pay all of the remaining fees and adminstratiave costs of the arbitrator and the AAA.

[Exh. A, Decl. T. Stalnaker - exh. 1]

  4. Aforesaid arbitration agreement involves a transaction affecting interstate commerce within the meaning of section 2 of the Federal Arbitration Act. 9 U.S.C. §2; Circuit City Stores, Inc. v. Adams, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001); Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 115 S. CT. 834 (1995). The operation of Brookwood Medical Center and Plaintiff's employment as a nurse in its Department of Surgery affected interstate commerce because

2

of their treatment of out-of-state patients, the payment or reimbursement of such treatment by out-of-state or multi-state healthcare insurers, and the regular receipt and use of goods and services for this treatment from out-of-state vendors and suppliers. [Exh. A, Decl. T. Stalnaker ¶¶ 4-5]

5. Aforesaid arbitration agreement is valid and enforceable. <u>Lurlene Driver v. AMI Brookwood Medical Center, Tenet Healthcare Corp.</u>, No. 96-7131 (11th Cir. Apr. 6, 1998) [attached hereto as Exh. B]; <u>O'Neill v. HiltonHead Hospital</u>, 115 F.3d 272 (4th Cir. 1997); <u>Patterson v. Tenet Healthcare, Inc.</u>, 113 F.3d 832 (8th Cir. 1997).

6. All of Plaintiff's claims are subject to arbitration because she expressly agreed in writing to arbitrate all claims and disputes "related . . . [to her] employment." Both her hostile environment claims under Title VII and her claim of intentional infliction of emotional distress arise from harassing behavior, which she allegedly experienced while working at Brookwood Medical Center and which allegedly affected the terms and conditions of her employment there. Moreover, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Dobson</u>, 115 S. Ct. at 838.

7. Aforesaid arbitration agreement signed by Plaintiff provides a fair and impartial arbitral forum and a meaningful remedy for her claims because it does not limit any claim or remedy otherwise available under applicable law and because it places a minimal financial burden on Plaintiff by only requiring her to contribute the equivalent of one day's pay toward the cost of the arbitrator and the administration of the arbitration proceeding by the American Arbitration Association. [Exh. A, Decl. T. Stalnaker ¶ 9]

WHEREFORE, PREMISES CONSIDERED, Defendants Brookwood Health Services, Inc. and Tenet Healthcare Corporation respectfully request, pursuant to section three of the Federal

Arbitration Act, 9 U.S.C. § 3, that this Court stay this action pending referral of the claims alleged by Plaintiff Judith Beard to arbitration or, in the alternative, to dismiss this action in the event that Plaintiff declines to arbitrate her claims as agreed.

/s/ *[signature]*

ONE OF THE COUNSEL FOR DEFENDANTS,
Brookwood Health Services, Inc. and
Tenet Healthcare Corporation

Charles M. Elmer (AL# ASB-9474-E51C)
THE KULLMAN FIRM
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama 35209-6786
(205) 871-5858 Fax (205) 871-5874

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 29th day of October, 2001, caused a copy of the above and foregoing pleading to be served by United States mail, postage prepaid, upon the following:

> William K. Bradford, Esq.
> GORHAM & WALDREP
> 2101 6[th] Avenue North, Suite 700
> Birmingham, AL 35203
>
> Gaile Pugh Gratton, Esq.
> SIROTE & PERMUTT, P.C.
> PO Box 55727
> Birmingham, AL 35255-5727

/s/ *[signature]*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JUDITH B. BEARD,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. CV-01-C-1526-S |
| **BROOKWOOD HOSPITAL, TENET HEALTHSYSTEMS, and DR. SCOTT APPELL,** | ) ) ) ) ) |
| Defendants. | ) |

### DECLARATION OF TOM STALNAKER

1. My name is Tom Stalnaker. I am over 21 years of age, suffer no impairment that would affect my ability to give competent testimony, and have personal knowledge of the matters stated in this declaration.

2. I am the Vice President of Human Resources at Brookwood Medical Center. I have performed the functions of this position for about eight years.

3. Tenet Healthcare Corporation ("Tenet") is the ultimate parent corporation of Brookwood Health Services, Inc., which owns and operates Brookwood Medical Center. Tenet is headquartered in Santa Barbara, California and has its principal place of business in California. Tenet owns and operates over 100 hospitals in many states, including Alabama, California, Arizona, Arkansas, South Carolina, Georgia, Tennessee, Florida, Mississippi, Louisiana, Missouri, Indiana, and Texas.

4. During the period relevant to this case, Brookwood Medical Center and Tenet have engaged in interstate commerce. Brookwood Medical Center is located less than three miles from three interstate highways and routinely treats out-of-state patients, as well as patients from foreign

countries. Further, part of the cost of medical services provided by Brookwood Medical Center to its patients is paid by out-of-state and multi-state healthcare insurers.

5.   During the period relevant to Judith Beard's allegations, she worked as a nurse in Brookwood Medical Center's Department of Surgery. In performing the duties of her job, Ms. Beard helped treat and provide medical services to out-of-state patients and otherwise treated patients whose medical expenses for these services were paid by multi-state or out-of-state healthcare insurers.

6.   As part of its operations, Brookwood Medical Center regularly purchases and receives goods and services from numerous out-of-state vendors and suppliers, and Ms. Beard regularly made use of such goods and services in discharging her duties as a nurse in the Department of Surgery.

7.   Attached to this Declaration as Exhibit 1 is a copy of the Employee Acknowledgment Form signed by the Plaintiff Judith Beard on July 14, 1997. This document is maintained in Ms. Beard's personnel file as a business record in the regular course of business at Brookwood Medical Center.

8.   By signing it, Ms. Beard voluntarily agreed to submit to final and binding arbitration any and all claims and disputes that are related in any way to her employment or its termination. In signing it, she also acknowledged that in exchange for her agreement to arbitrate, Tenet and its affiliate Brookwood Health Services, Inc. also agreed to submit all claims and disputes to final and binding arbitration.

9.   The arbitration agreement with Ms. Beard does not limit any claim or remedy that Ms. Beard may have under applicable law. Further, it limits her contribution to the expenses of the

2

arbitrator and the administration of the arbitration proceeding. As a non-exempt employee, her share of these expenses is limited to an amount equaling eight times her hourly rate of pay.

I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2001.

_____
Tom Stalnaker

3

# EXHIBIT 1

**EMPLOYEE ACKNOWLEDGMENT FORM**

I acknowledge that I have received a copy of the Tenet Employee Handbook and Standards of Conduct and that I understand that they contain important information about the company's general personnel policies and about my privileges and obligations as an employee. I further understand and acknowledge that I am governed by the contents of the Employee Handbook and Standards of Conduct and that I am expected to read, understand, familiarize myself with and comply with the policies contained in them.

I also understand that the company may change, rescind or add to any of the policies, benefits or practices described in the Employee Handbook, except the employment-at-will policy and the Mutual Agreement to Arbitrate referred to below, in its sole and absolute discretion, with or without prior notice. I also understand that the company will advise employees from time to time of material changes to the policies, benefits or practices described in the Employee Handbook.

Furthermore, I understand, acknowledge and agree that the Employee Handbook is not a contract of employment, that my employment with the company is not for a specified term and that employment with the company is at the mutual consent of the employee and the company. Therefore, I hereby acknowledge that either I or the company can terminate my employment relationship at will, with or without cause or notice.

In addition, I acknowledge that I have received a copy of the Tenet Fair Treatment Process brochure. I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliated companies or entities, and each of its and/or their employees, officers, directors or agents, and that, by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process. I also agree that such arbitration will be conducted before an experienced arbitrator chosen by me and the Company, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association ("AAA").

I further acknowledge that in exchange for my agreement to arbitrate, the Company also agrees to submit all claims and disputes it may have with me to final and binding arbitration, and that the Company further agrees that if I submit a request for binding arbitration, my maximum out-of-pocket expenses for the arbitrator and the administrative costs of the AAA will be an amount equal to one day's pay (if I am an exempt employee) or eight times my hourly rate of pay (if I am a non-exempt employee), and that the Company will pay all of the remaining fees and adminstrative costs of the arbitrator and the AAA. I further acknowledge that this mutual agreement to arbitrate may not be modified or rescinded except by a written statement signed by both me and the Company.

| _Judith Beard_ | 7-14-97 |
|---|---|
| Employee Signature | Date |
| JUDITH BEARD | 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 |
| Employee Name (please print) | |

DETACH FOR HUMAN RESOURCES FILE

# EXHIBIT B

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR 06 1998

THOMAS K. KAHN
CLERK

No. 96-7131
Non-Argument Calendar

D. C. Docket No. CV-96-C-2508-S

LURLENE DRIVER,

Plaintiff-Appellee,

versus

AMI BROOKWOOD MEDICAL CENTER,
TENET HEALTHCARE CORP.,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Alabama

(April 6, 1998)

Before ANDERSON, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

AMI Brookwood Medical Center and its owner, Tenet Healthcare Corporation (collectively "Brookwood"), appeal the district court's denial of their motion for a stay pending arbitration of an employment dispute with the appellee, Lurlene Driver. We reverse and remand.

*Background*

Driver, formerly a nurse and clinical coordinator at the Brookwood Medical Center, sued Brookwood for violations of Title VII and the Family and Medical Leave Act, among other statutes. As a condition of her employment at Brookwood, Driver entered into an arbitration agreement that includes "all claims and disputes that are related in any way to [Driver's] employment or the termination of [Driver's] employment." (R.1-7.) Driver has asserted, among other grounds for opposing arbitration, that she did not knowingly waive her rights to judicial resolution of her claims. The district court denied the motion, citing a "genuine issue of material fact as to whether Plaintiff knowingly and voluntarily agreed to arbitrate her employment claims." (R.1-4.)

Brookwood appeals. The sole issue is the propriety of the district court's ruling. This court has jurisdiction pursuant to 9 U.S.C. § 16(a)(1)(A),[1] and our review of the

---

[1] Driver contends this court lacks jurisdiction because the district court's order has not resolved the motion; according to Driver, Brookwood need only prove that the arbitration agreement was knowing and voluntary. The order, however, set no hearing date to permit

2

sufficiency of Brookwood's showing of the existence of an agreement (an issue of law) is de novo. *See Kotam Elecs., Inc. v. JBL Consumer Prods., Inc.*, 93 F.3d 724, 725 (11th Cir. 1996) (en banc).

## Discussion

As a threshold matter, we must address Driver's contention that Brookwood may not avail itself of the provisions of FAA § 3 because FAA § 1 excepts employment contracts such as Driver's from the FAA's terms. Section 1 carves out some arbitration agreements from the statute's operation: "[N]othing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Driver argues that Brookwood engages in interstate commerce — broadly defined — and that she is therefore a "worker engaged in foreign or interstate commerce." This circuit has recently resolved this issue against Driver; the § 1 exclusion applies only to those actually transporting goods in interstate commerce. *Paladino v. Avnet, Inc.*, No. 96-2341 (11th Cir. Feb. 4, 1998) (Opinion of Cox and Tjoflat, JJ.) Driver is undisputedly a nurse, and she therefore falls outside § 1's exception.

---

Brookwood to prove voluntariness, and the order plainly denies the motion. That ruling is final as to Brookwood's motion

3

Turning to the merits of Brookwood's § 3 motion, we conclude that the district court erred because there is no *material* issue of fact here that would preclude staying the action.[2] Statutory employment discrimination claims are, like other claims, arbitrable under the FAA. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28, 111 S. Ct. 1647, 1653 (1991); *Miller v. Public Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 700 (11th Cir. 1992); *see also* 42 U.S.C. § 12212 (encouraging arbitration of ADA claims); Civil Rights Act of 1991 § 118, 105 Stat. 1071, 1081 (1991) (encouraging arbitration of Title VII discrimination claims). Under the FAA, arbitration agreements are on equal footing with other contracts. *First Options of Chicago, Inc. v. Kaplan*, 115 S. Ct. 1920, 1924 (1995). It is hornbook contract law — state and federal — that (absent fraud) a party cannot avoid obligations by denying that she read what she admittedly signed; this is true for arbitration clauses, too. *See Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 980 (2d Cir. 1996); *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 287-88 (9th Cir. 1988); *Coleman v. Prudential Bache Secs., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986);

---

[2] It is questionable whether a motion under § 3 is triable by jury, and therefore subject to such a summary judgment-like standard, at all. Section 3 of the FAA, unlike § 4, contains no jury trial provision. But because it would make no difference in this case, we do not address the issue.

4

*Kelly v. UHC Mgmt. Co., Inc.*, 967 F. Supp. 1240, 1256 (N.D. Ala. 1997); *Ex Parte Stripling*, 694 So. 2d 1281, 1283 (Ala. 1997).

There is no assertion of fraud here to support the fraud "exception" to this rule. Driver's lone averment of some sort of misrepresentation is that Brookwood told her only that she was signing an acknowledgment of the receipt of an employee handbook. This was not a misrepresentation; she *was* signing an acknowledgment. Even assuming that Brookwood's statement was a misleading half-truth, she could not have reasonably relied on it when she had nearly a full page of writing above her signature, almost all of which dealt with arbitration. That writing, which Driver does not claim was hidden from her as she signed her name, plainly told her she was agreeing to arbitrate. So we are back to the general rule: Not reading an arbitration clause, when the text is in front of you before you sign an agreement, is not a defense to enforcement of an arbitration clause.

Nor do Driver's other arguments support the district court's ruling. First, she asserts that there is no consideration to support the arbitration clause. But the clause is mutual; Brookwood binds itself "to submit all claims and disputes it may have with [Driver] to a request for final and binding arbitration." (R.1-7 Ex.) A mutual promise to arbitrate supplies adequate consideration. *See Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1131 (7th Cir. 1997); *Hull v. Norcom, Inc.*, 750 F.2d

5

1547, 1550 (11th Cir. 1985). Second, she contends that she may not waive her right to a judicial forum for her discrimination claims. As noted above, the Supreme Court has resolved that question against her: statutory discrimination claims are arbitrable.

### Conclusion

We accordingly vacate the denial of the motion to stay proceedings pending arbitration and remand with instructions to grant the requested stay.

**REVERSED AND REMANDED WITH INSTRUCTION.**