**FILED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDITH B. BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NUMBER** |
| | ) | **CV-01-C-1526-S** |
| BROOKWOOD HOSPITAL; | ) | |
| TENET HEALTH SYSTEMS; and | ) | |
| DR. SCOTT APPELL, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO STAY JUDICIAL PROCEEDINGS AND
## COMPEL ARBITRATION, OR
## IN THE ALTERNATIVE, MOTION TO DISMISS

COMES NOW Defendant, Scott Appell ("Appell") and pursuant to 9 U.S.C. § 1 et

seq., appearing specifically for this Motion and reserving all rights and defenses, and move this

Court to enter an order compelling Plaintiff, Judith B. Beard ("Beard") to arbitrate her employment

disputes set forth in her Complaint, and to stay all proceedings in this action pending the outcome

of such arbitration.  In the alternative, Defendant moves the Court to dismiss Plaintiff's Complaint

on the grounds that her sole remedy against Defendants is through arbitration proceedings.

As grounds for this motion, Defendant shows unto this Court the following:

1.      On July 14, 1997, Plaintiff voluntarily entered into a Mutual Arbitration

Agreement with her employers. (A copy of the Agreement is attached hereto as Exhibit B, supported

by the Affidavit of Tom Stalnaker, Exhibit A hereto).

::ODMA\PCDOCS\docsbhm\917370\1

2.      The Agreement provides in pertinent part as follows:

        . . . I hereby voluntarily agree to use the Company's Fair
Treatment Process and to submit to final and binding arbitration any
and all claims and disputes that are related in any way to my
employment or the termination of my employment with Tenet. I
understand that final and binding arbitration will be the sole and
exclusive remedy for any such claim or dispute against Tenet or its
parent, subsidiary or affiliated companies or entities and each of its
and/or their employees, officers, directors or agents, and that by
agreeing to use arbitration to resolve my dispute, both the company
and I agree to forego any right we each may have to a jury trial on
issues covered by the Fair Treatment Process. I also agree that such
arbitration will be concluded before an experienced arbitrator chosen
by me and the Company, and will be conducted under the Federal
Arbitration Act and the procedural rules of the American Arbitration
Association ("AAA").

        I further acknowledge that in exchange for my agreement to
arbitrate, the Company also agrees to submit all claims and disputes
it may have with me to final and binding arbitration, and that the
Company further agrees that if I submit to a request for binding
arbitration, my maximum out-of-pocket expenses for the arbitration
and the administrative costs of the AAA will be an amount equal to
one day's pay (if I am an exempt employee), or eight times my hourly
rate of pay (if I am a non-exempt employee), and that the Company
will pay all of the remaining fees and administrative costs of the
arbitration and the AAA. I further acknowledge that this mutual
agreement to arbitrate may not be modified or rescinded except by a
written statement signed by both me and the Company.

(Exhibit B)

3.      Despite Plaintiff's agreement to arbitrate "any and all claims and disputes that
are related in any way to her employment," she filed this lawsuit on June 15, 2001. Plaintiff set out
therein that she was an employee of Defendant Brookwood Hospital, which was owned and operated
by Defendant Tenet Health Systems. She alleged that the conduct of Dr. Appell, created a hostile

work environment.  Plaintiff further averred that this conduct constituted sexual harassment and

under Title VII, 42 U.S.C. § 2000e et seq and intentional infliction of emotional distress under the

laws of the State of Alabama.  Plaintiff alleges substantially interdependent and concerted

misconduct by Defendant Appell, Defendant Brookwood Hospital and Defendant Tenet Health

Systems.  The alleged claims are based on the same facts and are inherently inseparable.  Thus,

Plaintiff is equitably estopped from avoiding arbitration with Dr. Appell.  See *MS Dealer Service

Corp.*, 177 F.3d 942 (11th Cir. 1999).

    4.  The Federal Arbitration Act ("FAA") declares that: "[A] written provision in

. . . a contract evidencing a transaction involving commerce, to settle by arbitration a controversy

thereafter arising out of such contract or transaction" is enforceable.  9 U.S.C. § 2.

    5.  Thus, enforceability of an Arbitration Agreement under § 2 of the Federal

Arbitration Act requires two elements:

      (i)  a written agreement to arbitrate the dispute, and

      (ii)  a transaction "involving commerce."

Both elements are present in this case.

    6.  As set out above, Plaintiff executed a written agreement to arbitrate in which

she specifically stated that the she voluntarily agreed "to submit to final and binding arbitration and

any and all claims and disputes that related in any way" to her employment.

    7.  Any and all claims and disputes related in any manner to Plaintiff's

employment includes the claims set out in her Complaint alleging a federal civil rights claim under

Title VII, and a state law claim arising out of her employment.  These types of claims are amenable

to arbitration under the Federal Arbitration Act. *See generally, Bender v. A. G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992).

8.     The FAA demands that courts give the broadest possible interpretation to arbitration agreements, resolving all doubts in favor of arbitration.   *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).  This policy applies "whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or the like defense to enforceability."  *Id.* at 25.

9.     Thus, all of Plaintiff's claims alleged in her Complaint "arising out of [her] employment" are covered under the parties Arbitration Agreement.

10.     In *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001), the United States Supreme Court recently held that employment discrimination claims may be lawfully submitted to binding arbitration and are beneficial to the parties.  The court stated:

> Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves a smaller amount of money than disputes concerning commercial contract.  . . . as we noted in *Gilmer* [*v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 1991] by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial forum

11.     The transactions among Plaintiff and Defendants involve interstate commerce. As evidenced by the Affidavit of Tom Stalnaker, (attached hereto as Exhibit A) the Defendants are a hospital, a hospital systems management Company and a doctor.  Tenet is headquartered in Santa Barbara, California, and has its principal place of business in California.  Tenet owns and operates over 100 hospitals in many states, including Alabama, California, Arizona, Arkansas, South

Carolina, Georgia, Tennessee, Florida, Mississippi, Louisiana, Missouri, Indiana, and Texas. Brookwood Medical Center is a hospital which routinely treats out-of-state patients, as well as patients from foreign countries.

12.     Brookwood is paid by out-of-state and multi-state health care insurance for the medical services rendered to its patients. The Plaintiff, Judith Beard, worked as a nurse at Brookwood Medical Center's Department of Surgery. In the course of her job, Beard provided treatment and medical services to out-of-state patients and otherwise treated patients whose medical expenses were paid by multi-state or out-of-state health care insurance.

13.     Moreover, Brookwood Medical Center regularly purchases and receives goods and services from numerous out-of-state vendors and suppliers. Beard used these goods and services in performing her duties as a nurse in the Department of Surgery.

14.     Thus hospital and physician in the course of providing care to patients rely on interstate commerce for medical equipment, supplies, resources and medication essential to treating patients.

15.     In *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995), the United States Court considered the term "involving commerce" and interpreted § 2 of the FAA as implementing Congress' intent to exercise [the] commerce power to the full extent.

16.     As such, it is clear that the agreement between the parties involves interstate commerce.

17.     In conclusion, Plaintiff entered into an agreement to arbitrate the disputes in the instant case. Further, the transaction involved interstate commerce, and, Defendants are entitled to compel arbitration in accordance with the parties' agreement.

::ODMA\PCDOCS\docsbhm\917370\1                    -5-

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully requests this Court to enter an order which compels Plaintiff, Judith B. Beard, to submit her disputes to arbitration in accordance with the Arbitration Agreement signed by Plaintiff in conjunction with her employment with Defendant, and which stays all judicial proceedings in this matter pending the outcome of said arbitration.  Alternatively, Defendant requests that the Court dismiss all claims in Plaintiff's Complaint on grounds that Plaintiff's sole remedy against these Defendants is via an arbitration proceeding.

Respectfully submitted,

David W. Long
Gaile Pugh Gratton
Kyle T. Smith
Attorneys for Defendant
Dr. Scott Appell

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue, Suite 500
Post Office Box 55727
Birmingham, AL 35255-5727
PH: (205) 930-5100
FX: (205) 930-5101
(205) 930-5301

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record as shown below by placing a copy of the same in the United States Mail, postage prepaid and properly addressed, as follows:

William K. Bradford, Esq.
Gorham & Waldrep, P.C.
2106 6th Avenue North, Suite 700
Birmingham, Alabama 35203

Charles M. Elmer, Esq.
The Kullman Firm
600 University Park Place, Suite 340
Birmingham, Alabama 35209


This the ⟨24th⟩ day of October, 2001.


_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUDITH B. BEARD,                              )
                                             )
        Plaintiff,                           )
                                             )
vs.                                          )      Civil Action No. CV-01-C-1526-S
                                             )
BROOKWOOD HOSPITAL, TENET                    )
HEALTHSYSTEMS, and DR. SCOTT                 )
APPELL,                                      )
                                             )
        Defendants.                          )

## DECLARATION OF TOM STALNAKER

1.      My name is Tom Stalnaker. I am over 21 years of age, suffer no impairment that
would affect my ability to give competent testimony, and have personal knowledge of the matters
stated in this declaration.

2.      I am the Vice President of Human Resources at Brookwood Medical Center. I have
performed the functions of this position for about eight years.

3.      Tenet Healthcare Corporation ("Tenet") is the ultimate parent corporation of
Brookwood Health Services, Inc., which owns and operates Brookwood Medical Center. Tenet is
headquartered in Santa Barbara, California and has its principal place of business in California.
Tenet owns and operates over 100 hospitals in many states, including Alabama, California, Arizona,
Arkansas, South Carolina, Georgia, Tennessee, Florida, Mississippi, Louisiana, Missouri, Indiana,
and Texas.

4.      During the period relevant to this case, Brookwood Medical Center and Tenet have
engaged in interstate commerce. Brookwood Medical Center is located less than three miles from
three interstate highways and routinely treats out-of-state patients, as well as patients from foreign

countries.  Further, part of the cost of medical services provided by Brookwood Medical Center to its patients is paid by out-of-state and multi-state healthcare insurers.

5.      During the period relevant to Judith Beard's allegations, she worked as a nurse in Brookwood Medical Center's Department of Surgery.  In performing the duties of her job, Ms. Beard helped treat and provide medical services to out-of-state patients and otherwise treated patients whose medical expenses for these services were paid by multi-state or out-of-state healthcare insurers.

6.      As part of its operations, Brookwood Medical Center regularly purchases and receives goods and services from numerous out-of-state vendors and suppliers, and Ms. Beard regularly made use of such goods and services in discharging her duties as a nurse in the Department of Surgery.

7.      Attached to this Declaration as Exhibit 1 is a copy of the Employee Acknowledgment Form signed by the Plaintiff Judith Beard on July 14, 1997.  This document is maintained in Ms. Beard's personnel file as a business record in the regular course of business at Brookwood Medical Center.

8.      By signing it, Ms. Beard voluntarily agreed to submit to final and binding arbitration any and all claims and disputes that are related in any way to her employment or its termination.  In signing it, she also acknowledged that in exchange for her agreement to arbitrate, Tenet and its affiliate Brookwood Health Services, Inc. also agreed to submit all claims and disputes to final and binding arbitration.

9.      The arbitration agreement with Ms. Beard does not limit any claim or remedy that Ms. Beard may have under applicable law.  Further, it limits her contribution to the expenses of the

2

arbitrator and the administration of the arbitration proceeding.  As a non-exempt employee, her share of these expenses is limited to an amount equaling eight times her hourly rate of pay.

I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

Executed on October 29, 2001.

Tom Stalnaker

3

## EMPLOYEE ACKNOWLEDGMENT FORM

I acknowledge that I have received a copy of the Tenet Employee Handbook and Standards of Conduct and that I understand that they contain important information about the company's general personnel policies and about my privileges and obligations as an employee. I further understand and acknowledge that I am governed by the contents of the Employee Handbook and Standards of Conduct and that I am expected to read, understand, familiarize myself with and comply with the policies contained in them.

I also understand that the company may change, rescind or add to any of the policies, benefits or practices described in the Employee Handbook, except the employment-at-will policy and the Mutual Agreement to Arbitrate referred to below, in its sole and absolute discretion, with or without prior notice. I also understand that the company will advise employees from time to time of material changes to the policies, benefits or practices described in the Employee Handbook.

Furthermore, I understand, acknowledge and agree that the Employee Handbook is not a contract of employment, that my employment with the company is not for a specified term and that employment with the company is at the mutual consent of the employee and the company. Therefore, I hereby acknowledge that either I or the company can terminate my employment relationship at will, with or without cause or notice.

In addition, I acknowledge that I have received a copy of the Tenet Fair Treatment Process brochure. I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliated companies or entities, and each of its and/or their employees, officers, directors or agents, and that, by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process. I also agree that such arbitration will be conducted  before an experienced arbitrator chosen by me and the Company, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association ("AAA").

I further acknowledge that in exchange for my agreement to arbitrate, the Company also agrees to submit all claims and disputes it may have with me to final and binding arbitration, and that the Company further agrees that if I submit a request for binding arbitration, my maximum out-of-pocket expenses for the arbitrator and the administrative costs of the AAA will be an amount equal to one day's pay (if I am an exempt employee) or eight times my hourly rate of pay (if I am a non-exempt employee), and that the Company will pay all of the remaining fees and administrative costs of the arbitrator and the AAA. I further acknowledge that this mutual agreement to arbitrate may not be modified or rescinded except by a written statement signed by both me and the Company.

_Judith Beard_     _7-14-97_
Employee Signature            Date

_JUDITH BEARD_     _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_
Employee Name (please print)

DETACH FOR HUMAN RESOURCES FILE

TS115EMPL/191344            REV. 1   4/96